ACCEPTED
03-17-00322-CR
21309851
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/14/2017 10:31 PM
JEFFREY D. KYLE
CLERK

## CAUSE NO. 03-17-00322-CR
## IN THE COURT OF APPEALS, THIRD-SUPREME JUDICIAL DISTRICT

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/4/2018 8:00:00 AM
JEFFREY D. KYLE
Clerk

_____

### RODERICK PAYTON
### Appellant
### v.
### THE STATE OF TEXAS

_____

**Cause No. D-1-DC-16-301681, Travis County, Texas, 147th Judicial District Court, Honorable Clifford A. Brown, presiding**

_____

### APPELLANT'S MOTION TO SET ASIDE ORDER OF ABATEMENT, SUSPENDE THE RULES, IF NECESSARY, AND FOR EXTENSION OF TIME TO FILE BRIEF (FILED WITH BRIEF)

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:
COMES NOW, RODERICK PAYTON, appellant, pursuant to *U.S. Const.,* Amends. 5 & 14, *Tex.Const.,* Art. I, *Secs*. 13 & 19,  and *T.R.A.P.,* not limited to Rules 4.1, 10.5, and 26.3, and moves the Court to set aside its order abating this appeal, suspend the rules, if necessary and extend the time for filing appellant's brief EIGHTEEN (18) days to December 15, 2017, and shows:

### I. PROCEDURAL HISTORY.

On or about May 8, 2017, appellant, on plea of not guilty, was convicted by jury of Aggravated Robbery, a 1st degree felony.   The jury sentenced him to 10 years Texas Department Criminal Justice- Institutional Division and no fine, recommending it be probated for 10 years.  The trial court purported to add a condition of 180 days 'shock probation'.  On May

1

26, 2017, the Court re-sentenced appellant, removing the 'shock probation' condition and releasing Defendant onto probation.

Defendant's original *Notice of Appeal* was filed May 8, 2017. An *Amended Notice of Appeal* and *Motion of time to file Notice of Appeal* was filed on June 29, 2017. That motion was granted on July 19, 2017. The Clerk's record was filed July 7, and the reporter's record on July 12, 2017.

By order dated December 13, 2017, the Court abated this appeal and remanded to the trial court for a hearing to determine if appellant desires to prosecute this appeal and, if so, counsel has abandoned this appeal.

## II. TWO PREVIOUS EXTENSIONS.
Appellant has had two prior extensions to file his brief.

## III. TIME OF MOTION.
The brief was due November 27, 2017. This motion is filed December 15, 2017.

## IV. REASONS FOR EXTENSION OF TIME.
Appellant requests an extension based on the following:

1. Counsel filed the brief on December 15, 2017 (electronic transmittal on December 14).

2. Counsel in good faith thought he could complete it by December 12, as he said in his *Third Motion for Extension.* Counsel did not abandoned this appeal, but it took 2 more days to complete than he estimated.

3. Counsel was diligently working to complete the brief and on track for December 12, when on that date he learned for the first time that the prosecutor in the case that was supposed to be tried to jury today (December 14) had directed a state agent to interview his client and all witnesses who

worked for the City of Austin (defendant and at least 4 witnesses do) about the incident underlying this criminal case, take affidavits and forward them to the prosecutor. After spending some time talking to that person (and getting her to agree not to interview counsel's client), he learned that she already had provided a statement from the client/defendant to the prosecutor that had not been produced in discovery, as well as numerous emails and other documents related to this incident, investigation thereof, and a civil claim arising from it, which had also not been produced in discovery. Counsel then tried unsuccessfully to call the prosecutor. He also spent time to speaking to some of the witnesses to see what, if anything, might be new or different, because trial was set to begin the morning of 14th.

Meanwhile, he was also tried to secure copies of the juror question-naires for the trial, which the judge previously ordered be provided then.

He emailed the prosecutor about it on December 13, and finally got an email reply in the afternoon, which included 3 new affidavits and a previously undisclosed statement from the client/defendant. The prosecutor also asked for agreement to continue the trial setting. Counsel then spent time calling his client and critical witnesses to find out if they would be available at a subsequent trial if the State's continuance was granted. Because it was then 4:00 pm, he called the prosecutor repeatedly but unsuc-cessfully to try and get some questions answered before he decided on the State's request. He also emailed the prosecutor with those.

He did not get a voice or email response, so spent the night preparing for the trial that was set to begin at 8:30 a.m. on December 14, including reviewing the juror questionnaires that finally arrived.

This morning at about 7:15 a.m., he finally received a call from the prosecutor, who answered his questions but refused to provide discovery on the remaining documents and proposed continuing to a pretrial to deal with all the discovery issues (and then setting a priority trial setting). Counsel informed him that he would not oppose in light of developments.

4. Counsel then spent the remainder of the day working to complete and file the brief in this case.

5. Today was counsel's 60th birthday. He spent all day and some of the evening working on this, though he did take a little time to speak to his mother and siblings who called to wish him well.

6. Counsel's also relies the facts in support of his last motion (*Third Motion for Extension*) for extension to December 12, filed November 28, including the following:

> "3. My 83 year old mother had a heart attack three weeks ago. She lives in rural east Texas. Her husband has been dead about 15 years. The closest family is some hour and a-half drive away in Dallas. I am the oldest son. We have tried to get her to move closer, but she refuses to until her house is sold. She won't even use a 'first-alert' device. Needless to say, I worry about her a lot.
>
> I had to take a few days to attend to some things for her right after. I also was with her (and the rest of the family) in Dallas from November 22, to 26, 2017.
>
> I was not able to work on the brief for those 2 days. I was able to work on it a limited time only during the Thanksgiving time.
>
> 4. In order to free up as much time as possible to work on the appeal, counsel also 'opted-out' of all new appointments under his local (Travis County) fair defense act and took no new clients from earlier November through now.
>
> 6. This included discovery, investigation, interviews, research and preparation of a motion for new trial in State v. Travis Marpoe, D1DC-17-203375, which was filed on November 17 (the 30th days after sentencing), and pre-sented to the trial judge on November 21, 2017. I did not represent this person prior to being appointed on appeal on October 27, 2017."

7. Counsel opted-out of appointment on some new cases, and turned back an appointment on a new appeal, so that he would not take time from working on this appeal. This and his prior opt-out is going to catch up with him financially at some point.

8. Since the last motion for extension (*Third*) and in the few days before

opted out again), counsel gained 5 new clients and disposed of 5 with 7 cases. In the 30 days before his last motion, he had disposed of some 24 cases for some 12 clients, and represented a total of some 56 clients, with some 91 cases (approximately 52/88 appointed or jail), including 21 felonies.

9. Though, as noted in the December 13 Order, the brief was originally due August 11, 2017, as counsel explained in his first motion for extension, he did not know the record had been completed until he received the September 14 *Notice of Late Brief,* and still couldn't get it from the court report or clerk (where it was apparently never filed) and finally just downloaded it from this Court's website (despite requesting the court reporter notify him and checking at the District Clerk's office, see that motion for more details). In addition to his other cases and obligations, he was also working on a brief in State v. William Phillips, Cause No. 13-17-00220-CR, which was completed and filed about October 23.

10. Counsel is a solo practitioner without support staff, except for someone who takes phone messages, mail, etc. Needless to say, he has not engaged in holiday diversions, shopping, etc. since he returned from Thanksgiving.

11. Thus, he asks this Honorable Court to extend the time for filing his brief to December 15, 2017 so the brief will be filed, and timely, and appellant will be given a full and meaningful appeal and accorded due process and due course of law, his right to appeal and effective assistance of counsel.

WHEREFORE, appellant prays this Court grant this motion and set aside its

order abating this appeal, suspend the rules, if necessary and extend the time

for filing appellant's brief EIGHTEEN (18) days to December 15, 2017.

RESPECTFULLY SUBMITTED,
/s/ Christopher P. Morgan
Christopher P. Morgan
State Bar No. 14435325
3009 N. IH 35
Austin, Texas 78722
(512) 472-9717 // FAX: 472-9798
ATTORNEY FOR APPELLANT

**CERTIFICATE OF SERVICE:** I, Christopher P. Morgan, hereby certify a true copy of the foregoing Motion has been served on the Office of the District Attorney for Travis County, Texas on December 15, 2017, by hand.

/s/ Christopher P. Morgan
Christopher P. Morgan